**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Darlene Miles,**

**Plaintiff,**

**v.**

**The United States of America, et al.,**

**Defendants.**

**Case No. 2:15-CV-1082**

**Judge Graham**

**Magistrate Judge Deavers**

**<u>OPINION AND ORDER</u>**

Darlene Miles brings this action asserting numerous state-, federal-, and international-law claims against assorted defendants. (Compl., Doc. 1). Among the defendants is President Barack Obama, the Central Intelligence Agency, the Ohio Attorney General, and others. (Compl. at ¶¶ 25, 28, 34). In Miles's 210-page complaint, she alleges a vast government conspiracy involving alien mind-control technologies, (*id.* at ¶¶ 178–79), unmanned aerial vehicles circling her residence and bombarding it with radiation, (*id.* at ¶ 184), and "nano-sensors" deployed underneath her skin for "non-consensual human experimentation and torture." (*Id.* at ¶ 42.a). All but one of the defendants have filed motions to dismiss under Rule 12(b)(1), 12(b)(6), or both. For various reasons, the defendants' motions to dismiss are granted, and the case is dismissed.

## I. Background

The plaintiff, Darlene Miles, filed this instant action pro se and paid the civil-case filing fee. Miles claims her residence is located at P.O. Box 218335, Columbus, Ohio 43221. (*Id.* at 1). Miles brings the case on her own behalf as well as "On behalf of The People of the United States of America." (*Id.* at 1). Miles names many defendants: federal, state, and municipal agencies, a

United States Senator, two individuals, and "1 to 100,000 plus, who participated as unnamed co-conspirators," to name a few. (*Id.* at 7). Miles's claims include those for war crimes, "mutilation," and civil conspiracy.

Miles alleges, generally, that the defendants have conspired to cause her a great deal of pain and suffering. Miles alleges she has suffered "permanent damages to her body; theft and financial attacks, false financial court case filings, and false Internal Revenue Service ("IRS") filings by government agents and agencies as well as ongoing financial attacks and theft of income." (*Id.* at ¶ 42.a). The permanent damage to her body is the result of "painful tortuous (sic) assaults and injections into her body by nano sensors and other nano technology leaving permanent chemical and other scaring to the Plaintiffs (sic) body." (*Id.*). She alleges that even to the date she filed the complaint, she is "forced to endure unethical and inhuman twenty-four hour human torture by war weaponry and technologies designed for war and the torture testing and evaluation on human beings." (*Id.*). While it is difficult to summarize the lengthy complaint, essentially Miles alleges a vast conspiracy of government experimentation and torture involving drones, "nano-sensors," local police and fire departments, and the IRS.

All but one of the defendants have moved to dismiss, most moving as authorized by Rule 12(b)(1), Rule 12(b)(6), or both. Miles alleges the Court has subject-matter jurisdiction over the case deriving from both federal-question jurisdiction and diversity jurisdiction. (*Id.* at ¶ 21). Miles has had an opportunity to respond to the motions, has done so in some cases, and the matter is ripe for the Court's decision. Miles's responses largely reiterate the allegations in the complaint and rarely address the defendants' arguments. (Def.'s Resps. in Opp'n, Docs. 16, 21, 24, 25, 27, 59, 64, 65).

## II. Discussion

### A. The Court lacks subject-matter jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The Constitution and federal statutes confer jurisdiction on federal courts. *Id.* Congress has given federal courts two broad grants of subject-matter jurisdiction: (1) in civil actions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331 (federal-question jurisdiction), and (2) in civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332 (diversity jurisdiction). When challenged, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). The Court has "a responsibility to construe pro se complaints liberally and to allow ample opportunity for amending the complaint when it appears that the pro se litigant would be able to state a meritorious claim." *McCallum v. Gilless*, 38 F. App'x 213, 216 (6th Cir. 2002); *see also United States v. Houston*, 792 F.3d 663, 667 (6th Cir. 2015) (reciting standard of liberally construing pro se complaints).

Neither federal-question nor diversity jurisdiction exist here. Therefore, the Court lacks subject-matter jurisdiction. Miles purports to assert a number of claims under federal law, including claims for violation of federal civil-rights, 42 U.S.C. § 1983; racketeering, 18 U.S.C. § 1962; and treason. 18 U.S.C. § 2381. (Compl. at ¶ 22). And normally, alleging violations of federal statutes would be sufficient to create a federal question, although some of the criminal statutes Miles cites create no private causes of action. S*ee Hamilton v. Reed*, 29 F. App'x 202, 204 (6th Cir. 2002) (generally no private right of action for alleged violations of criminal statutes); *Irving v. Lorson*, No. C-2-02-823, 2002 WL 31844685, at *3 (S.D. Ohio Dec. 12,

2002) (no private right of action created by treason statute). But to invoke federal-question jurisdiction, a plaintiff must present a *substantial* federal question. *See Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974). Without a substantial federal question, "a district court may, at any time *sua sponte* dismiss a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). A substantial federal question is lacking "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* "A complaint 'is frivolous when it lacks an arguable basis either in fact or in law;'" a complaint "lacks an arguable or rational basis in fact if it describes 'fantastic or delusional scenarios.'" *Abner v. SBC (Ameritech)*, 86 F. App'x 958 (6th Cir. 2004) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327–28 (1989)).[1] But dismissing on this basis should be done with caution: dismissal under Rule 12(b)(1) "is appropriate in only the rarest of circumstances where . . . the complaint is deemed totally implausible." *Apple*, 183 F.3d at 480.

Here, Miles's allegations of harm from alien technology, sub-cutaneous nano-sensors, and vast government conspiracies are totally implausible, unsubstantial, frivolous, devoid of merit, and describe fantastic or delusional scenarios. Therefore, no substantial federal question exists. Having no substantial federal question before it, the Court lacks federal-question jurisdiction.

Neither does diversity jurisdiction exist here. While Miles does allege that the amount in controversy exceeds $75,000, she fails to show that the parties are citizens of different states. (Compl. at ¶ 21). That is because diversity jurisdiction in federal district court requires *complete*

[1] While *Abner* and *Neitzke* analyze whether a complaint is frivolous under the context of the screening process for *in forma pauperis* complaints prescribed in 28 U.S.C. § 1915(e)(2), and these screening procedures do not apply to fee-paid complaints, *see Apple*, 183 F.3d at 479, *Abner* and *Neitzke* do provide guidance on how the Sixth Circuit defines "frivolous."

diversity of citizenship. Complete diversity means that the "citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *see Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806). "[T]he plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." *Washington v. Sulzer Orthopedics, Inc.*, 76 F. App'x 644, 645 (6th Cir. 2003) (quoting C*hemical Leaman Tank Lines, Inc. v. Aetna Cas. and Sur. Co.*, 177 F.3d 210, 222 n. 13 (3d Cir. 1999)). "[A] mere averment of residence in a particular state is not an averment of citizenship in that state for the purposes of jurisdiction." *Steigleder v. McQuesten*, 198 U.S. 141, 143 (1905) (collecting cases). Citizenship is determined by a person's domicile, not a person's residence, and allegations of residency are insufficient to support jurisdiction. *Canning v. Poole*, No. CIV.A. 10-16-JBC, 2011 WL 588045, at *1 (E.D. Ky. Feb. 10, 2011) (citing *Brown v. Keene*, 33 U.S. 112 (1834); *Shaw v. Quincy Mining Co.*, 145 U.S. 444, 447 (1892)). Alleging residence by listing a post office box may demonstrate residence in a particular location; it does not demonstrate citizenship. *Byrd v. QDRO Office*, No. 3:13-CV-2712, 2014 WL 4715869, at *3 (N.D. Ohio Sept. 22, 2014) (collecting cases).

Miles has failed to prove diversity jurisdiction exists. Miles states that her "residence [is] located at P.O. Box 218335, Columbus Ohio 43221." (Compl. at ¶ 24). This allegation fails to demonstrate citizenship. *See Byrd* at *3. But the Court is mindful of the admonition to construe pro se pleadings liberally. *See Houston*, 792 F.3d at 667. Even if Miles's allegations regarding the parties' "residences" were equated with those parties' citizenships, those allegations would only prove the parties to be minimally diverse. (*Id.* at ¶¶ 32–41). For example, Miles alleges individual defendant Grace Vaughn Evans "is a resident of 3017 Seifert St., Youngstown Ohio 44505," and Miles alleges her own residence is at an Ohio P.O. Box. (*Id.* at ¶¶ 24, 41). Even

construing the complaint liberally, complete diversity does not exist. And where complete diversity does not exist, diversity jurisdiction does not exist. *See* 28 U.S.C. § 1332.

Since the Court finds neither a substantial federal question nor complete diversity, it lacks subject-matter jurisdiction. The defendants' motions to dismiss on Rule 12(b)(1) grounds are granted.

**B. Whether the complaint fails to state a claim is moot**

Many of the defendants move to dismiss the complaint on 12(b)(6) grounds for failure to state a claim upon which relief can be granted. This portion of the defendants' motions is moot considering the Court's finding that it lacks subject-matter jurisdiction.

**C. Remaining Defendant**

The one remaining defendant is Grace Evans. According to the Complaint and as gleaned from her letter to the Court, Evans is a resident of Youngstown, Ohio. (Compl. at ¶ 41, doc. 1; Mot. for Extension of Time, doc. 6). Evans never filed an answer or responsive motion; indeed, Evans appears to not be represented by counsel. On October 19, 2015, on motion by Miles, the clerk entered a default against Evans. (Entry of Default, Doc. 78). Miles has not moved to set aside the default.

But "a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)). For the same reasons the Court grants the other Defendants' Motions to Dismiss for lack of subject-matter jurisdiction, the Court sua sponte dismisses the claims against Grace Evans for lack of subject-matter jurisdiction.

The Court must address the matter of the clerk's entry of default as to defendant Grace Evans. (Doc. 78). "The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). One "good cause" is a defendant's meritorious defense, which Evans has here. *See United Coin Meter Co. v. Seaboard Coastline RR.*, 705 F.2d 839, 844 (6th Cir. 1983). But, "an action will be dismissed despite the entry of a default when it appears that the court lacks subject-matter jurisdiction[.]" Wright & Miller, 10A *Fed. Prac. & Proc. Civ.* § 2696 (3d ed.). The question is whether the Court can or should do anything about the entry of default. The tendency among courts is to vacate or set aside an entry of default despite (or because of) the lack of jurisdiction. *See Seabrooks v. C.C.A.--Med. Dep't*, No. 1:11-0078, 2012 WL 714842, at *1 (M.D. Tenn. Mar. 5, 2012) (dismissing case as frivolous under § 1915 and setting aside entry of default for good cause); *Murdock v. Am. Axle & Mfg., Inc.*, No. 03-CV-73744-DT, 2003 WL 25816431, at *6 (E.D. Mich. Dec. 23, 2003) (vacating "entry of default for lack of jurisdiction."); *Dubios v. Donahoe*, No. 11-13367, 2012 WL 553901, at *4 (E.D. Mich. Feb. 21, 2012) (granting motion to set aside entry of default and dismissing complaint for lack of jurisdiction).

The Court will dismiss the claims against Evans for lack of subject-matter jurisdiction. Therefore, the entry of default is a nullity and is ordered vacated. *See Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 538 (6th Cir. 2007) ("[A]n order entered by a court that lacks subject matter jurisdiction is a nullity . . . .").

## III. Conclusion

Therefore, the Court GRANTS the Defendants' Motions to Dismiss. (Docs. 8, 9, 10, 11, 12, 20, 50, 56, 66, 74). The claims against defendant Grace Evans are DISMISSED sua sponte and the Clerk's Entry of Default as to Grace Vaughn Evans, (Doc. 78), is VACATED. Miles's

motion for Leave to File a Response and Supplemental Memorandum is DENIED as moot. (Doc. 76). The clerk is directed to enter judgment for the defendants and refund Miles's filing fee.

    IT IS SO ORDERED.

                                          s/ James L. Graham  
                                          JAMES L. GRAHAM  
                                          United States District Judge

DATE: December 10, 2015